WITHERS et al. v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. February 7, 1908.) Action by Frederick C. Withers and others against the city of New York. No opinion. Motion granted. Settle order on notice.

WOERISHOFFER, Respondent, v. PEOPLES, Appellant, et al. (Supreme Court, Appellate Division, First Department. February 7, 1908.) Action by Anna Woerishoffer against Sidney W. Peoples, impleaded. No opinion. Motion denied, with $10 costs. Order filed.

WOHLIDKA v. CONSOLIDATED GAS CO. (Supreme Court, Appellate Division, First Department. January 24, 1908.) Action by Rudolph Wohlidka against the Consolidated Gas Company. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Order filed.

WOLFERT, Respondent, v. CALEDONIA SPRINGS ICE CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 22, 1908.) Action by Roman Wolfert against the Caledonia Springs. Ice Company.

PER CURIAM. Judgment and order affirmed, with costs.

KRUSE and ROBSON, JJ., dissent.

WOOD, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Third Department. January 8, 1908.) Action by Mark E. Wood against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

WOOD et al. v. PROUDMAN. (Supreme Court, Appellate Division, First Department. February 7, 1908.) Action by St. John Wood and others against John C. Proudman. No opinion. Motion denied, with $10 costs. Order filed.

WORMSER v. GEHRI et al. (Supreme Court, Appellate Division, First Department. February 14, 1908.) Action by Samuel Wormser against William Gehri and another. No opinion. Motion granted, with $10 costs. Order filed.

WRIGHT et al. v. WHITLOCK. (Supreme Court, Appellate Division, First Department. February 14, 1908.) Action by William Wright and others against Edgar Whitlock, individually, etc. No opinion. Motion granted, with $10 costs.

ZIEMS, Appellant, v. UNITED VAUDEVILLE CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 22, 1908.) Action by Marine Ziems against the United Vaudeville Company. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs.

ROCHKIND et al. v. PERLMAN et al. (Supreme Court, Appellate Division, Second Department. January 24, 1908.) For majority opinion, see 108 N. Y. Supp. 224.

HOOKER, J. (dissenting). The action is to recover from the defendants as sureties upon a bond given to discharge of record a mechanic's lien filed by the plaintiffs. The action against the principal debtor to fix the amount of the lien had proceeded to judgment, so it is alleged in the complaint, in favor of the plaintiffs before the commencement of this action. This and other allegations of the complaint the defendants put in issue by denying knowledge or information sufficient to form a belief. The plaintiffs moved at Special Term upon the pleadings for judgment "upon the ground that the answer interposed herein is frivolous and sham." An order was made granting the motion and directing judgment. Judgment was entered, and the defendants appeal from the judgment and order. There is a wide distinction between a motion for judgment on the ground that the pleading is frivolous and a motion to strike out a sham answer or sham defense. A motion for judgment on the ground that the answer is frivolous is provided for in section 537 of the Code of Civil Procedure, and must be made upon a notice of not less than five days. The motion must be determined by inspection of the pleading itself, and affidavits are not receivable. Dancel v. Goodyear Shoe Machinery Co., 67 App. Div. 498, 73 N. Y. Supp. 875. A frivolous answer is one which, if true, does not contain any defense. Youngs v. Kent, 46 N. Y. 672. On the other hand, a sham answer or defense is one that is false, good on its face, but setting up matter which is untrue. Goodwin v. Thompson, 88 Hun, 598, 34 N. Y. Supp. 769; Merritt v. Gouley, 58 Hun, 372, 12 N. Y. Supp. 132. The essential element is falsity (Winslow v. Ferguson, 1 Lans. 436), and the motion calls for a termination whether the answer or defense is true or false (Howe v. Elwell, 57 App. Div. 357, 67 N. Y. Supp. 1108); and hence affidavits are receivable. In the case of frivolous pleadings, the motion is for judgment; in the case of a sham answer or defense, the motion is to strike out the pleading. The present motion is for judgment on the ground the pleading is frivolous, and this, although the word "sham" is mentioned in the notice of action; for the motion is in terms for judgment, and no papers are recited in the order as having been used upon the motion save the pleadings themselves. The remedy which the plaintiffs have adopted requires that they fix the amount of the lien in an action against the principal debtor before suing the sureties, and they state in their brief that this is incumbent upon them. Inasmuch as this is